**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jonathan Elias Perez-Ramirez,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-02544-PHX-DJH

**ORDER**

On May 18, 2026, Petitioner Jonathan Perez-Ramirez filed his 28 U.S.C. § 2241 Petition challenging his immigration detention, arguing he was released on bond in 2018 and was entitled to a hearing before being re-detained in 2024. (Doc. 1.) Before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R"), recommending the Court grant the Petition in part and order Petitioner be given a bond hearing before an Immigration Judge ("IJ") within seven days. (Doc. 14 at 11.) Petitioner filed an objection to the determination that he was not entitled to a pre-deprivation hearing before being redetained. (Doc. 15.) Because neither party objected to the remainder of the R&R, the Court reviews it for clear error, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), and finds none.

As for Petitioner's claim he was entitled to a pre-deprivation hearing, the Court will overrule the objection. Petitioner does not dispute he was released on bond in 2018 and was re-detained in 2024 following convictions for receiving a stolen vehicle and vehicle theft. Nor does Petitioner dispute Respondents may revoke release under 8 U.S.C. §

1226(b) and 8 C.F.R. § 236.1(c)(9). Revocation under those provisions require a showing of a material change in circumstances bearing on whether the noncitizen poses a danger to the community or a flight risk, and Petitioner does not dispute that his convictions amount to a material change in circumstances. *See Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981) (explaining that, where a prior bond determination exists, "no change should be made by a District Director absent a change of circumstance," and finding such a change only where the removal order was accompanied by substantial new evidence of flight risk and danger developed at the hearing); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (applying Sugay's limit); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (recognizing that DHS re-arrests only after a "material" change in circumstances); *Y.M.M. v. Wamsley*, No. 2:25-cv-02075-TMC, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025) (change must be material as to danger or flight risk) (citing Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006)). Petitioner's objection is overruled.

**IT IS THEREFORE ORDERED** adopting in full the Report and Recommendation. (Doc. 14.)

**IT IS FURTHER ORDERED** granting the Petition (Doc. 1) as to Petitioner's request for a bond redetermination hearing and denying the remainder of the Petition.

**IT IS FURTHER ORDERED** directing Respondents to provide Petitioner a bond redetermination hearing within seven (7) days of the date of this Order or release him from custody. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196, 1203-05, 1208 (9th Cir. 2011), there shall be a contemporaneous record of the hearing, and at the hearing Respondents shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

**IT IS FURTHER ORDERED** directing Respondents to file a notice of compliance within three (3) days of providing Petitioner a bond hearing or releasing him, and no more than ten (10) days from the date of this Order.

///

///

**IT IS FINALLY ORDERED** denying as moot any pending motions and directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 10th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge